UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JOSHUA DEWITTE,<br><br>　　　　　Defendant. | Case No. 1:25-mj-05141-JGD |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION**

Defendant Joshua Dewitte ("Mr. Dewitte"), by and through undersigned counsel, hereby opposes the government's motion for detention.

1. **Introduction**

Mr. Dewitte is a 50 year-old man with no record of convictions. He has been married to his wife for 22-years. Originally from New Mexico, Mr. Dewitte graduated from Northwestern University in Illinois with a Bachelor of Music in 1997. Upon graduation, Mr. Dewitte began a 27-year career teaching music. Following a decade in Chicago, Mr. Dewitte has lived and taught in the Boston area for most of the last 20 years. After several years teaching abroad following the COVID-19 pandemic, Mr. Dewitte returned to the Boston area in August 2024. He has extensive support from family, friends, and former colleagues. *See* Letters in Support, attached at Exhibit A; *see* Photographs with Family, attached at Exhibit B. He is also in treatment, including individual therapy, group therapy, and 12 step meetings. *See* Letter of Leo Keating, LICSW, Clinical Director at New England Forensic Associates, attached at Exhibit C; *see also Curriculum Vitae* of Leo Keating, attached at Exhibit D.

1

On January 9, 2025, Mr. Dewitte was arrested following the execution of a state court search warrant at his home and arraigned on charges out of Cambridge District Court. The state court released him on bail and pretrial conditions of release. *See* Exhibit E, Order of Pretrial Conditions of Release. Consistent with court orders, Mr. Dewitte surrendered his passport to authorities in state court and has complied with his conditions since his release.

The conduct charged in the instant complaint allegedly occurred prior to Mr. Dewitte's state court arrest and arraignment. Over the last four months, Mr. Dewitte was aware that law enforcement was conducting a criminal investigation, including by searching several electronic devices seized during the state court search warrant executed on January 9, 2025 that the government discusses in the complaint affidavit. *See* D.E. 1-3, ¶14. Mr. Dewitte's dutifully complied with pretrial conditions of release and made regular in-court appearances at Cambridge District Court during that investigation, including on February 10, 2025 and April 8, 2025. Federal authorities arrested Mr. Dewitte on the instant complaint on May 8, 2025, while Mr. Dewitte was attending a meeting with his probation officer.

For the reasons stated herein, this Court should deny the government's motion for detention under 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(E), and (f)(2)(A).

**2. The Bail Reform Act**

Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that pending trial the defendant be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(b), "[t]he judicial officer ***shall order*** the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." See § 3142(b) (emphasis added)

If the judicial officer determines that the release described in subsection (b) . . . will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer ***shall order*** the pretrial release of the person . . . subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See* § 3142(c)(1)(B) (emphasis added).

Under § 3142(e), a defendant ***may not*** be ordered detained pending trial unless the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . ." or unless the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . ." *See United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991).

Statutory presumptions of detention are subject to rebuttal by the defendant. *See* § 3142(e). "Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited.

3. **Argument**

As he has proven since his release in state court, Mr. Dewitte can be released on conditions that reasonably assure the safety of others and assure his appearance in court. *See* § 3142(b), (c), and (e).

First, Mr. Dewitte has no prior record of convictions and is not alleged to have committed any violations of his conditions since his state court arraignment. This is strong evidence that Mr. Dewitte has taken his conditions of pretrial release seriously, including the requirement that he not commit any offenses under local, state, or federal law. Since his arraignment in state court, Mr. Dewitte has also appeared at several court dates, knowing that his seized devices were being searched by law enforcement. Mr. Dewitte never fled, because he does not pose a flight risk.

Second, there is no allegation in state or federal court that Mr. Dewitte has ever committed any crime against any of his students. Moreover, he is no longer a teacher since his state charges, has no children of his own, and would abide by any condition that the Court would impose concerning staying away and having no contact with children.

Third, following an intake on February 3, 2025, Mr. Dewitte has engaged in a comprehensive evaluation, testing, and treatment in both individual and group therapy at New England Forensic Associates. Leo Keating, LICSW ("Keating"), the Clinical Director of the center, is "aware of all the charges against Mr. Dewitte, including the recent charges in federal Court." *See* Exhibit C. Keating writes,

> Although the allegations against Mr. Dewitt are extremely serious, ***I am confident that he can be safely managed in the community and that he does not pose an undue risk to society in general.*** Finally, if Mr. Dewitt remains incarcerated, he will not be able to participate in any further treatment to address the allegations of misconduct.

*See id.* (emphasis added). Keating's decades of professional experience, including as a clinician, the former Deputy Director of Forensic Operations at the Massachusetts Department of Health,

4

former Regional Mental Health Administrator for Mental Health Services at the Massachusetts Department of Corrections, and former Court Clinician at Boston Municipal Court and Suffolk Superior Court, provides great weight to his assessment. *See* Exhibit D. Mr. Dewitte will comply with any condition the Court may impose to seek and remain in treatment.

Fourth, Mr. Dewitte has tremendous personal support, including from his wife, family, friends, and former colleagues. *See* Exhibits A, B. These individuals and others will support Mr. Dewitte during pretrial release. Mr. Dewitte's wife, a non-practicing lawyer, is also willing to act as a Third-Party Custodian during Mr. Dewitte's pretrial release.

Fifth, Mr. Dewitte is willing to abide by any additional conditions during pretrial release, including but not limited to: posting a secured appearance bond; travel restrictions to the District of Massachusetts; living with his wife; surrendering and refrain from possessing or using any electronic devices, including but not limited to those capable of accessing the internet; GPS monitoring; a curfew or, if deemed necessary, home confinement.

Courts in this District have ordered defendants released on combinations of conditions like the above in similar cases. For example, in *United States v. O'Connor, Jr.*, 1:18-mj-01256-DLC, the defendant was charged under 18 U.S.C. § 2251(a) and (e), the same charge as in the instant complaint. At the detention hearing, the government presented evidence obtained during a search of O'Connor's iPhone pursuant to a search warrant, including "137 images and approximately 20 videos of child pornography," as well as conversations in which O'Connor repeatedly directed an eleven-year-old child to produce and provide child pornography. *See* 1:18-mj-01256-DLC, D.E. 4-1, at ¶¶ 6-16. attached at Exhibit F. In its "Order on Government's Motion for Detention," the Court (Cabell, M.J.) wrote,

> After consideration of the evidence presented by the parties, and their respective arguments, the court finds, with little difficulty,

5

> that the defendant's release would pose a risk of danger to another or the community as well as a risk of nonappearance. That being said, ***the court cannot find that there is no combination of conditions that would ensure the safety of the community or the defendant's appearance at future proceedings. In the court's view, the conditions set forth below, if adopted and followed, would sufficiently mitigate the risks posed by the defendant's release so as to warrant release. Accordingly, the court will release the defendant subject to . . . conditions***.

*See* 1:18-mj-01256-DLC, D.E. 18, attached at Exhibit G (emphasis added). The conditions of release imposed by the Court resembled those discussed herein. *See id.*

Courts from other Districts have likewise ordered release on conditions in similar circumstances. For example, in the recent case of *United States v. Gasaway,* 3:25-mj-00003-RGV, from the Northern District of Georgia, the defendant was charged under 18 U.S.C. § 2251(a) after an investigation revealed that he "purchased sex toys" for a minor child, "had conversations with her about masturbation and self pleasure", and installed "a Ring camera concealed in the ceiling directly above the bed." *See* 3:25-mj-00003-RGV, D.E. 1, ¶¶ 5-9, attached at Exhibit H. During a search of the defendant's cell phone, law enforcement discovered "numerous sexually explicit videos" of the minor victim filmed with the hidden camera. *See id.* ¶ 8. The government filed a motion for detention, but the Court (Anand, M.J.) released the defendant on conditions resembling those suggested in the instant case. *See* 3:25-mj-00003-RGV, D.E. 11, attached at Exhibit I.

Mr. Dewitte should not be treated differently than the defendants in *O'Connor, Jr.* and *Gasaway*. The Bail Reform Act's guarantee that a presumption of detention may be rebutted would mean nothing if Mr. Dewitte has not rebutted that presumption. His long history of law-abiding behavior, lack of convictions, compliance with pretrial conditions of release, surrender of his passport, extensive family and community support, local living arrangements, ongoing

6

treatment, and provider's opinion that he can be "safely managed in the community and that he does not pose an undue risk to society in general," reasonably assure the safety of the community and Mr. Dewitte's appearance in court.

Based on the foregoing, Mr. Dewitte respectfully requests that the Court DENY the government's motion for detention.

DATE: May 11, 2025

Respectfully Submitted,
JOSHUA DEWITTE
By his attorney:

/s/ David J. Grimaldi
David J. Grimaldi (BBO # 669343)
David J. Grimaldi, P.C.
875 Massachusetts Avenue, Suite 31
Cambridge, MA 02139
Tel: 617-661-1529
Fax: 857-362-7889
david@attorneygrimaldi.com

Certificate of Service

I, David J. Grimaldi, hereby certify that a true copy of this filing was served on all registered participants via CM/ECF this 11th day of May 2025.

/s/ David J. Grimaldi
David J. Grimaldi