# Exhibit G

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 18-mj-01256-DLC |
| v. | |
| DANIEL O'CONNOR, JR., | |
| Defendant. | |

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

CABELL, U.S.M.J.

The government has moved to detain the defendant pending resolution of the above-captioned matter, pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(E), and (f)(2)(A). The court held a hearing on the motion on September 19, 2018. Broadly speaking, the government presented evidence underscoring and relating to the conduct alleged in the criminal complaint affidavit, and also presented testimonial evidence through the case agent suggesting the defendant interacted with two other minors, although the details of those interactions were not explored in detail.

After consideration of the evidence presented by the parties, and their respective arguments, the court finds, with little difficulty, that the defendant's release would pose a risk of danger to another or the community as well as a risk of nonappearance. That being said, the court cannot find that there is no combination of conditions that would ensure the safety of the community or the defendant's appearance at future proceedings. In the court's view, the conditions set forth below, if adopted and followed, would sufficiently mitigate the risks posed by the defendant's release so as to warrant release. Accordingly, the court will release the defendant subject to the following conditions:

1.  The defendant shall post a secured appearance bond in the amount of $10,000.

2.  Pending the results of a home inspection, the defendant shall be released into the third-party custody of his father, who shall assume the obligations to supervise the defendant, return him to court as needed, and report to the court any violations of the conditions of release by the defendant.

3.  The defendant shall reside at his father's residence, and shall not move without the prior permission of U.S. Probation and Pretrial Services (Probation).

4.  The defendant shall be confined to the residence except as set forth in Paragraph 5 below. The defendant's compliance will be monitored through location monitoring equipment. The defendant shall refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any location monitoring equipment.

5.  The defendant's travel will be restricted to the District of Massachusetts. Travel will be permitted to confer with counsel or attend court proceedings as required, or to attend previously scheduled medical appointments and counseling sessions at New England Forensic Associates. In all circumstances, however, the defendant shall obtain the permission of Probation before leaving the residence to travel. When leaving the residence, the defendant shall be accompanied by his father or an adult approved by Probation.

6.  If the defendant is in possession of any passport or other travel documents, he shall surrender them to Probation. The defendant shall not obtain or seek to obtain a passport or any other travel document while this case is pending.

7.  There shall be no computer device or other means of accessing the internet, including smartphones, in the residence, except as provided in Paragraph 8 below. Internet service to the residence shall be disconnected.

8.  All computers and other devices capable of accessing the internet that are brought to the residence by visitors must be password protected and the defendant shall not have access to the devices or passwords. Visitors must keep such devices in their possession at all times and must remove such devices from the residence upon departure.

9.  The defendant shall refrain from using any computer device or otherwise attempting to access the internet.

10. The defendant shall report to Probation as directed.

11. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a co-defendant, witness or victim in the investigation or prosecution of this case.

12. The defendant shall refrain from possessing any firearm, destructive device, or other dangerous weapon and shall not have access to any such items lawfully owned and possessed by his father.

13. The defendant shall refrain from the excessive use of alcohol.

14. The defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes marijuana.

15. The defendant shall be required to pay for, or contribute to the cost of, the imposed monitoring condition, based on an ability to pay.

16. The defendant shall report any contact with law enforcement within 24 hours.

17. The defendant shall obey all statutory conditions of release.

The defendant shall contact the clerk of the court when all of these conditions are prepared to be met. Upon such confirmation, the court will convene a hearing as soon as practicable to effect the terms of this Order.

/s/ Donald L. Cabell  
DONALD L. CABELL  
United States Magistrate Judge

DATED: September 21, 2018

3